# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY E. JEFFERS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1525** (BOR Appeal No. 2047236)
                       (Claim No. 2010133113)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy E. Jeffers, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 28, 2012, in which the Board affirmed a May 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 29, 2010, decision which denied authorization for a left knee arthroscopy with partial medial meniscectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jeffers, a steel worker, was injured when an aluminum coil band broke and struck his left knee on April 14, 2010. He was treated by Michael Witt, D.O., a week after the injury. Dr. Witt diagnosed a left knee sprain, abrasion, and contusion and noted a pre-existing bony protuberance of the left tibial tuberosity. The claim was subsequently held compensable for a left knee sprain, abrasion, and contusion. A left knee MRI taken on June 21, 2010, showed some linear signal in the menisci consistent with a mild degree of meniscal degeneration but there was no extension to the articular surface to suggest a tear. A follow-up MRI six weeks later was

1

recommended. The record contains no indication a follow-up MRI was conducted. In spite of the MRI results, Steven Miller, M.D., diagnosed Mr. Jeffers with a medial meniscus tear and recommended surgery on June 28, 2010. The claims administrator denied the request on July 29, 2010.

The Office of Judges affirmed the claims administrator's decision in its May 14, 2012, Order. It found that though the physicians of record stated that Mr. Jeffers requires arthroscopic surgery to treat a meniscus tear, the only diagnostic testing of record failed to show a tear. The MRI showed mild meniscal degeneration together with fragmentation in the tibial tuberosity consistent with a non-compensable disease process. The Office of Judges found that the MRI failed to support the assertion that Mr. Jeffers sustained a meniscus tear in the course of his employment. It held that while other disease processes in the left knee may require surgery, such surgery is not reasonable or necessary for the treatment of the compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its November 28, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The diagnostic testing fails to support Mr. Jeffers's contention that he sustained a left knee meniscus tear in the course of his employment. Additionally, his claim has not been held compensable for a left knee meniscus tear.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

2